UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMILCAR EDUARDO RIVERA ORTEGA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-02535-SSC

MEMORANDUM AND ORDER

On May 12, 2026, Petitioner Amilcar Eduardo Rivera Ortega, through counsel, filed a verified petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.) Petitioner is a noncitizen who is in immigration detention at the Desert View Facility in Adelanto, California.  (*Id.* at 2.)

The petition alleges the following facts.  Petitioner first entered the United States in 2012 and has remained in the country since.[1]  (*Id.*) He claims he has no criminal record.  (*Id.*)  Petitioner was detained by Immigration and Customs Enforcement (ICE) agents on April 30, 2026, as he made his way to work.  (*Id.*)  Petitioner "is unable to seek a bond hearing due to a claimed lack of jurisdiction by the Immigration Court."

[1] The petition elsewhere alleges that Petitioner "has lived in the United States since 2016."  (ECF 1 at 2.)

(*Id.*)  Petitioner seeks release or, in the alternative, a bond hearing before a neutral Immigration Judge (IJ) within seven days at which the Government bears the burden of proving flight risk or danger by clear and convincing evidence, and the IJ must consider less restrictive alternatives to detention.  (*Id.* at 11.)

Respondents maintain that Petitioner is subject to the judgment in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).  (ECF 7 at 2.)  So both parties effectively agree that Petitioner is entitled to an "individualized custody determination" under 8 U.S.C. § 1226(a).  In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases.  *See, e.g.*, *Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing where "Respondents concede[d] that Petitioner is . . . entitled to a bond hearing under the reasoning of *Maldonado Bautista*").

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026).  There is no cause—and Respondents offer

2

none—to give Petitioner a lesser or different form of relief than that being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **May 27, 2026**, he is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: May 20, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

3